UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHAZ LAVER MOSEBY,

                Plaintiff,

v.                                            Case No. 15-cv-1096-pp

JUDY SMITH, *et al.*,

                Defendants.

**ORDER DENYING WITHOUT PREJUDICE THE DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE (DKT. NO. 29) AND DENYING THE PLAINTIFF'S MOTION TO SUSPEND THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 31)**

On November 23, 2016, the defendants filed a motion for summary judgment. Dkt. No. 18. The civil local rules required the plaintiff to file a response to that motion within thirty days of service of the motion—in other words, by around December 23, 2016 or so. Civ. L. R. 56(b)(2)(E.D. Wis.). The court did not receive a response from the plaintiff by the end of December, and so on January 4, 2017, the defendants filed a motion asking the court to dismiss the case with prejudice for failure to prosecute. Dkt. No. 29. On January 6, 2017, the court issued an order warning the plaintiff that if, by January 27, 2017, he did not file a response to the defendants' motion for summary judgment, or provide an explanation as to why he failed to respond, the court would dismiss the case with prejudice for failure to prosecute. Dkt. No. 30.

1

On January 23, 2017, the court received from the plaintiff a motion, asking the court to "suspend the defendants' motion for summary judgment" and to give him ninety days to conduct discovery. Dkt. No. 31. The plaintiff explained that he had been in and out of custody since filing the complaint, and that he had been trying to reintegrate himself into society while out of custody on extended supervision. Id. at 1. He also explained that he lost some of his legal paperwork during the transition in and out of custody, and that he had not been able to reconnect with Mr. Hashim, an inmate who was helping him with the case. Id. at 1-2.

According to the Department of Corrections inmate locator,[1] the plaintiff was released to extended supervision on February 2, 2016—well in advance of the October 25, 2016 discovery deadline. He went back into custody on October 17, 2016—a week before the discovery deadline passed. The plaintiff does not explain why did he not take his legal papers with him when he was released from custody on February 2, 2016, or why he didn't actively conduct discovery (or ask for a discovery extension) during the eight months when he was out of custody. Arguably, it would have been easier for him to conduct discovery while out of custody than while he was incarcerated.

The plaintiff also did not communicate with the court at all while he was out of custody, and he did not notify the court that his address had changed. The post office returned to the court as undeliverable several orders it sent the plaintiff during that time, including the screening order and scheduling order.

---

[1] See http://offender.doc.state.wi.us/lop/detail.do (last visited March 3, 2017).

Dkt. Nos. 8, 14. The court notes that the plaintiff still has not formally notified the court of his change in address, even though he again was released from custody on January 25, 2017, almost six months ago.

Because the plaintiff has not taken responsibility for keeping the case moving while he was out of custody, or notifying the court of his location so that the court could make sure he received everything the court sent, court will not allow the plaintiff to begin the discovery process again. The court will send the plaintiff a copy of his complaint, as requested, and it will give him a deadline of **July 21, 2017** to respond to the defendants' motion for summary judgment. If the plaintiff fails to respond by that date, the court will rule on the motion without input from the plaintiff.

The court **DENIES** without prejudice the defendants' motion to dismiss for failure to prosecute. Dkt. No. 29.

The court **DENIES** the plaintiff's motion to suspend the defendants' motion for summary judgment. Dkt. No. 31. The court **ORDERS** the plaintiff to respond to defendants' motion for summary judgment on or before **July 21, 2017**. The court must send his response in time for the court to receive it by July 21, 2017. If the court does not receive the plaintiff's response by that date, the court will rule on the motion without input from the plaintiff.

Dated in Milwaukee, Wisconsin this 20th day of June, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**