UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHAZ LAVER MOSEBY,

                Plaintiff,

v.

                Case No. 15-cv-1096-pp

JUDY SMITH, *et al.*,

                Defendants.

---

**DECISION AND ORDER DENYING MICHAEL A. ALEXANDER'S MOTION TO AMEND THE OPINION (DKT. NO. 40)**

---

On September 6, 2017, the court granted the defendants' motion for summary judgment and dismissed the case. Dkt. No. 38. In its decision, the court made reference to the plaintiff's allegation that, in 2007, he was involved in a physical altercation with inmate Michael A. Alexander; this allegation was part of the background the plaintiff cited for his claim about an incident that some of the defendants failed to protect him from in 2013. On September 15, 2017, inmate Alexander (who is not a party in the case) filed a motion, asking the court to strike his full name from the opinion and replace it with his initials. Dkt. No. 40. He asserts that the allegations about him are false, very inflammatory and extremely degrading. Id. at 1. He expresses concern that mention of his name in connection with a fight will adversely affect his pending criminal appeal and civil case. Id. at 2. He worries that the plaintiff's

1

allegations cast him in a negative light, which he indicates could cause him harm in his pending cases. Id.

In the Seventh Circuit—the federal judicial circuit in which this court is located—there is a presumption of public access to the court docket, because the public pays for the courts and has an interest in what goes on at all stages of a judicial proceeding. Citizens Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir.1999). Although some circuits have been willing to seal the personal information of non-parties who are detached from or only tangentially involved with the litigation, *see, e.g.*, In re Knoxville News–Sentinel Company, Inc., 723 F.2d 470 (6th Cir.1983) (sealing personal financial information of banking customers who were only tangentially related to the lawsuits and who had not put their financial information at issue), the Seventh Circuit has not. Naji v. Meissner, 1996 WL 596410, at *2 (N.D. Ill. Oct. 9, 1996) (concluding that documents that are the basis of a decision and order are available for public inspection.) For this reason, the court will deny inmate Alexander's motion to amend the opinion.

The court notes that its decision and order granting summary judgment did not draw any conclusions or express any opinion about whether the plaintiff's allegations about inmate Alexander were true. In fact, the court noted in the decision that the plaintiff and inmate Alexander had no issues at Columbia Correctional Institution, and noted that the plaintiff had presented no evidence of any specific threats to his safety from the other inmate he named, inmate Benson. Dkt. No. 38 at 14-15. The allegations the plaintiff

made in his complaint are just that—allegations—and that is how the court treated them.

The court **DENIES** Michael A. Alexander's motion to amend the opinion. Dkt. No. 40.

Dated in Milwaukee, Wisconsin this 23rd day of October, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**
